Case 1:24-cr-00474-CM    Document 22    Filed 08/12/24    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

EMMANUEL TORRES,

Defendant.

Sup*erseding*

INFORMATION

24 Cr.

**24 CRIM 474**

## COUNT ONE
(Operation of an Unlicensed Money Transmission Business)

The United States Attorney charges:   2019 /BAG/SMS GA

1. From at least in or about ~~2015~~ through at least in or about 2022, in the Southern District of New York and elsewhere, EMMANUEL TORRES, the defendant, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce and (i) was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor or a felony under State law; (ii) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section; and (iii) otherwise involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity, to wit, TORRES controlled and owned all or part of an unlicensed money transmission business that smuggled bulk currency from the United States, including Manhattan, to the Dominican Republic, without complying with the relevant registration requirements, and TORRES knew that the smuggled currency was derived from a criminal offense and was intended to be used to promote and support unlawful activity.

(Title 18, United States Code, Sections 1960 & 2.)

## FORFEITURE ALLEGATION

2.      As a result of committing the offense alleged in Count One of this Information, EMMANUEL TORRES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## SUBSTITUTE ASSETS PROVISION

3.      If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney